IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **DEVONTAI NATHANIEL TAYLOR,** : | |
| Plaintiff, : | |
| : | NO. 3:23-cv-100-CDL-CHW |
| VS. : | |
| Lieutenant BARNES; *et al.*, : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| : | BEFORE THE U.S. MAGISTRATE JUDGE |
| Defendants. : | |
| _____ : | |

## ORDER AND RECOMMENDATION

Plaintiff Devontai Nathaniel Taylor, a pretrial detainee at the Morgan County Detention Center in Madison, Georgia filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. He also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. It is **ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**. It is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. 1915A(b)(1).

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The Court previously ordered Plaintiff to submit a certified copy of his trust fund account statement. ECF No. 4. Plaintiff notified the Court that jail officials have twice misplaced his *in forma pauperis* paperwork and have refused to provide a copy of his trust fund account statement. ECF Nos. 6; 7. Given that Plaintiff is unable to obtain a certified copy of his trust fund account statement through no fault of his own, the Court will allow

him to proceed without prepayment of the filing fee. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. ECF No. 2.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.  Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Hancock State Prison. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with

provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.     Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e)

when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at

4

556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Factual Allegations

Plaintiff states that he was working at Walmart on January 3, 2023, when Lieutenant Barnes, a correctional officer, walked in and announced that he was putting Plaintiff in jail for burglary. ECF No. 1 at 5. Plaintiff states he called the Madison Police Department and Seargeant Capos showed up proclaiming Plaintiff's innocence. *Id*. Lieutenant Barnes arrested Plaintiff. According to Plaintiff, Lieutenant Barnes is not a police officer and had no authority to arrest him. Because he lacked the authority to arrest Plaintiff, Lieutenant Barnes listed Blake Rowe as the arresting officer. According to Plaintiff, Blake Rowe was not at the scene of the arrest and had nothing to do with the arrest. Thus, the arrest report showing such is false. *Id*. Plaintiff states he is innocent of the underlying charges and the only relief he seeks is immediate release from jail. *Id*. at 6.

### III. Plaintiff's Claims

Plaintiff claims that Defendant Lieutenant Barnes falsified the arrest report in violation of his Fifth Amendment rights. It is unclear what role Blake Rowe had in this incident. Thus, it is unclear what claim, if any, Plaintiff makes against Defendant Rowe. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). A district court properly dismisses claims where a prisoner fails to state any allegations that connect the alleged constitutional violation with a defendant. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) (affirming dismissal of claims against defendants when plaintiff failed to allege facts that connect those defendants with any claim); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation"). Thus, in the absence of any connection between Defendant Blake Rowe and Plaintiff's alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against him.

Even if Plaintiff linked Blake Rowe to the alleged falsified arrest report, however, the claim would still be subject to dismissal. In *Younger v. Harris*, the United States Supreme Court mandated that the district courts refrain from interfering with ongoing criminal prosecutions when the party requesting federal intervention has an adequate

6

remedy at law and will not suffer irreparable injury. 401 U.S. 37, 43 (1971); *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985). The Court must "abstain from hearing cases that would interfere with state court proceedings when (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity to raise constitutional challenges in the state proceedings." *Parris v. Taft*, 630 F. App'x 895, 898 (11th Cir. 2015) (per curiam) (citations omitted).

In this case, Plaintiff's prosecution is ongoing, the State has an interest in its criminal prosecutions, and Plaintiff's claims—he is innocent and the arrest report was falsified—can be adequately addressed in the state courts. *See Juidice v. Vail*, 430 U.S. 327, 335 (1977) (recognizing the "State's interest in the enforcement of its criminal laws"); *31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (internal quotation marks and citation omitted) (finding that federal courts "should assume that the state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary"). The Court could not examine the merits of Plaintiff's claims without interfering with, or addressing issues that are for, the state courts.

There are exceptions to *Younger* abstention. Abstention is not called for if "(1) there is evidence of state proceedings motivated by bad faith, (2) the state law being challenged is patently unconstitutional, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *For Your Eyes Alone, Inc. v. City of Columbus, Ga.*, 281 F.3d 1209, 1214 n.11 (11th Cir. 2002) (citing *Younger*, 401 U.S. at 45). The factual allegations in Plaintiff's complaint do not show bad faith, harassment, or other unusual circumstances that would permit interference by the federal courts; and irreparable harm,

7


as contemplated by *Younger*, is not suffered simply because a defendant will have to endure criminal prosecution. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). The *Younger* abstention doctrine, therefore, applies in this case.

Claims for injunctive and declaratory relief are properly dismissed without prejudice when *Younger* applies. *See Gibson v. Berryhill*, 411 U.S. 564, 577 (1973); *Samuels v. Mackell*, 401 U.S. 66, 72 (1971) (finding federal courts should not entertain actions for declaratory relief regarding pending state criminal actions); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). In this case, the only relief Plaintiff seeks is release from jail. Release from prison is not a remedy that is available in a 42 U.S.C. § 1983 action. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). Thus, even if *Younger* did not bar Plaintiff's claim, the Court could not grant him any of the relief he seeks in this action.

IV. Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. It is **RECOMMENDED**, however, that Plaintiff action be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. 1915A(b)(1).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request

for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 17th day of November, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge